## M. M. DICK v. D. H. WILLIAMS.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY.

Argued October 7, 1889—Decided November 4, 1889.

[To be reported.]

1. When a judgment by default against partners, sued as such upon a note, is opened as to one of the partners, who alone makes defence, and before the trial the plaintiff dies and his administrator is substituted, the partner not defending is incompetent to testify for his co-defendant that the firm name was by the witness put upon the note, which was for the individual debt of the witness.

Statement of Facts.

2. Such a defence is not personal to the partner making it, but goes to the liability of every member of the firm sued as such; and if the jury should determine that the firm is not liable upon the note, the foundation of the judgment by default against the witness would fall, and in testifying in support of such defence he would be testifying unlawfully in his own interest: Swanzey v. Parker, 50 Pa. 441.

3. In an action against partners upon a note, the mere fact that one of the defendants, being indebted to his copartner, paid the amount of such indebtedness by his direction to the holder of the note, who applied the money as a credit thereon, making an indorsement to that effect in the presence of the defendant paying, will not of itself toll the bar of the statute as to such defendant: Per Mr. Justice WILLIAMS.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 43 October Term 1889, Sup. Ct.; court below, No. 785 May Term 1886, C. P.

On May 5, 1886, James A. Dick brought assumpsit against Joseph Smith and D. H. Williams, partners trading as Smith & Williams, to recover a balance alleged to be due to the plaintiff upon a promissory note drawn by Smith & Williams, payable to the order of and indorsed by Joseph Smith. On June 28, 1886, the plaintiff obtained judgment against the defendants for want of an affidavit of defence and issued thereon a writ of fieri facias. On the following day, June 29th, upon petition of D. H. Williams, the fieri facias was stayed, the judgment opened and the petitioner allowed to make defence, whereupon he pleaded non-assumpsit, payment and the statute of limitations. On May 17, 1887, the death of the plaintiff being suggested, M. M. Dick, his administrator, was substituted as plaintiff.

At the trial December 3, 1888, the following facts were shown:

James A. Dick was a banker, doing business in West Newton, Pennsylvania. On January 10, 1872, Joseph Smith and D. H. Williams formed a partnership for the purpose of buying and selling grain, which continued until August, 1878, when it was dissolved by mutual consent. On July 15, 1878, the note in suit was signed by Joseph Smith, in the name of Smith & Williams, and negotiated by him at the bank of James A. Dick. The note was as follows:

$13,333.50                    WEST NEWTON, PA., July 15, 1878.

Thirty days after date we promise to pay to the order of Joseph Smith, at the office of James A. Dick, thirteen thousand and three hundred and thirty-three 50-100 dollars, for value received, without defalcation or stay of execution.

SMITH & WILLIAMS.

[Indorsed by JOSEPH SMITH.]

On October 24, 1881, D. H. Williams, by direction of Joseph Smith, paid into the bank of Mr. Dick the sum of one thousand dollars, being the purchase money of Smith's interest in a certain ware-house, sold by Smith to Williams. This payment was credited upon the note in suit by an indorsement made thereon, in the presence of Williams, to wit: "Received October 24, 1881, of D. H. Williams, one thousand dollars on within, as price of ware-house." Having shown these facts the plaintiff rested.

Thereupon the defendant Williams called Joseph Smith, and having put in evidence the record of the case for the purpose of showing that a judgment had already been obtained against Smith, and that he was not a party to the issue on trial, made the following offer:

Counsel for defendant propose to prove by the witness now offered, that the debt for which the note in suit was given, was his own private and individual debt, and was so known to be by plaintiff's intestate, James A. Dick, deceased, and that it was not the debt of the firm of Smith & Williams. The witness is offered under § 5, act of 1887, the facts here offered to be proved, being against the interest of the witness.

Objected to, that the witness was incompetent to testify as to any matters occurring prior to the death of James A. Dick, the plaintiff.

By the court: We think the witness competent because judgment has gone against him and his liability is fixed, and the defence here set up by the defendant, Williams, being personal to himself, and the issue with him; and, moreover, the offer is to prove a fact adverse to the interest of the witness. The objections are overruled and the offer admitted; exception.[1]

The witness then testified, in substance, that the note in suit represented his own indebtedness to James A. Dick; that this indebtedness began in a loan to him by James A. Dick, on his

own account and for his own use upon a note made by himself and indorsed by him, upon the suggestion of Mr. Dick, with the name of the firm; which note had been several times renewed, with the position of the names to it changed, resulting finally in the note sued upon. The witness further testified that he had given to James A. Dick his individual mortgage for $11,000 as a payment on account of the note in suit, which mortgage Dick afterwards foreclosed, buying in the land; that the witness had sold his interest in a ware-house property at Smithton to D. H. Williams for $1,000, and after several conversations between the witness and James A. Dick about this purchase money, the arrangement was made that it should be applied on the indebtedness of the witness to Dick. He also stated that at a number of times he borrowed money from Dick for the use of the firm of Smith & Williams, giving therefor notes signed in the firm name. The defendant presented other evidence tending to corroborate the testimony of Joseph Smith.

At the close of the testimony, the court, HUNTER, P. J., charged the jury as follows:

The magnitude of the plaintiff's claim justifies a patient hearing and investigation of the claim and of the defence set up to defeat the payment of such claim. The action is brought upon a note dated July 15, 1878, payable at thirty days, for the sum of $13,333.50. The note purports to be drawn by Smith & Williams, the signature being in the handwriting of Smith. The suit was brought on May 5, 1886, by James A. Dick, who died in July of that year, as we recall the evidence, and his administrator was afterwards substituted as party plaintiff. Judgment by default went against the firm, after which the judgment was opened as to D. H. Williams, and he permitted to make defence, and as to him you are trying the case. You have nothing to consider as to the liability of Smith, for judgment has already gone against him, and so far as he is concerned, personally, your investigations here need not be called upon.

It is conceded that the note was signed by Smith with the firm's name, but the defendant contends that it has been paid, or at least largely paid by Smith, or by Smith's property; but,

whether this be so or not, the defendant relies upon two other defences: (1) That the note is not binding upon him; and (2) That it is barred by the statute of limitations. Now, any one of these defences, if made out, would be sufficient, but you may consider either any one of them, or you must consider the whole of them, if it be necessary, in coming to a fair conclusion touching the rights of these parties.

As to payment, then, by Smith, it is contended that this mortgage, which has been given in evidence, given to Dick by Smith, was given for this debt, and that the mortgage was foreclosed, and that Dick obtained the land, all except his undivided interest in the premises, as we understand it. You will have this proof before you, and you will consider, then, first, whether in point of fact this has not been paid by Smith, or Smith's property, or any part of it. There are credits upon the back of the note. You have nothing to do with any of these credits except the last one, which is for the sum of $1,000, as we shall presently see. We shall not elaborate here, but leave the fact, as shown by the evidence, to the jury.

As touching the other defences; either, if established, in law or in fact, would be ample to prevent a recovery here.

Was then this note given for an individual loan by Smith, and for money not to go into the partnership business, or used in such business, and did Dick know it at the time? If so, the defendant would not be liable. Joseph Smith testifies positively that he borrowed the money for himself, and that Dick knew it at the time. [A remark may be made here as to the competency of this witness. Mr. Dick is dead and the rule of the law would exclude the other surviving party from testifying, but the witness is testifying as to the personal defence set up by Williams, and this testimony also would be against his own interest, by making himself individually liable for what all the members of the firm otherwise would be liable for, if a different state of facts from those which he testified to were true.] [3] You have also the testimony of Henry Croushore as to what Dick told him about the money not going into the firm, but that it was gotten by Smith. In addition, you have the letters of Dick to Smith & Williams, which you will have before you, touching these notes, and the individual liability, alone, of Smith. You will read the letters for yourselves, and use them,

Charge of Court below.

so far as they may enlighten you upon this disputed fact, and so far as they may assist in leading your minds to a fair and just conclusion. If this evidence satisfies you that this note was given for Smith's individual use, and the money was obtained and used by him, and Dick knew it at the time, your duty is plain in not holding this defendant responsible, for he would not be responsible in the eyes of the law. If on the other hand, of course, it was a partnership note, or it had been signed by one of the partners, in the partnership name, and Dick knew no better than that it was a partnership note, it does not matter what became of the money, if Dick was ignorant as to the fact, as we have stated. . . . .

Taking up the other defence, namely, the statute of limitations. A debt not by contract, under seal, or evidenced by the seal of the party, cannot be recovered after six years from its maturity by an action at law. The statute of limitations absolutely forbids it, and where this defence is set up the law looks upon it with favor. Such a provision is a wise one, both for the creditor and debtor. Parties die and witnesses die, or their memories fail, and the rights of the parties, on the one side or upon the other, may be jeopardized by delay. We have in this action an illustration of this, for Mr. Dick is dead and unable to come and explain and speak for himself. But there may be some intervening act of the debtor which would prevent the running of the statute. As, for example, a special promise to pay, an acknowledgment of the debt, consistent with a promise to pay, or a partial payment. Where this is relied on, however, the evidence must be clear, satisfactory, and indubitable. There must be no uncertainty about the identity of the debt, or the clearness of the promise or acknowledgment. But when a partial payment is relied upon, the creditor must clearly prove the fact, that in truth and in fact he received such partial payment from the person setting up the defence. This is a case where the party setting up the credit must prove the credit, for the purpose of avoiding the statute. So here, the plaintiff must prove that Williams paid the money within the six years. The only credit on this note of which you may inquire, is that of $1,000. The plaintiff here has shown by the deposition of M. O. Dick, a former cashier, that the defendant, Williams, was present when the credit was put on the note, and, as we

recall the facts, that he handed over the money, or the money was passed then, at least, where in the bank, in his presence. This, not contradicted or explained, would take the case out of the statute of limitations. But the defendant has offered evidence to show that the $1,000 was money that Smith realized from the sale of his half interest in the premises of Williams, and that by Dick's own request this money was paid on the note. If this be so the payment would not be a payment by Williams, but a payment by Smith.

Now, the partnership, it would seem, was dissolved in the summer of 1878, and this payment was made on October 24, 1881, over three years after the partnership was dissolved. The partial payment of a debt of a firm, by one of the members of the firm, would not renew the debt as to the others, if made after the dissolution of partnership. It would take evidence sufficiently strong to renew the debt, to take it out of the statute of limitations, as it would to establish the debt itself, for it is substantially a new promise; and, while the action may be brought upon the original promise, it has life and force and effect only from the new promise which may be given. So that the payment by Smith would not bind Williams, so as to prevent him from pleading the statute, or taking the benefit of it.

You will take the evidence and determine this question of fact, and if you find, as contended for by the defence, then it would be sufficient to prevent a recovery here. You will take the whole of this evidence and determine all these questions.

—Before the jury retired, the plaintiff moved the court to strike out and withdraw from consideration the testimony of Joseph Smith as to all matters occurring between him and the plaintiff's intestate, James A. Dick, in the lifetime of said Dick: (1) Because the transactions out of which the note in suit arose were between the witness, a member of the firm of Smith & Williams, and the said Dick, and the said Dick being dead, the witness was incompetent to testify concerning them. (2) The witness was not only a joint maker of the note in suit, but the indorser of it, and it was by his indorsement the note was passed to James A. Dick; and the witness was therefore incompetent to give testimony tending to invalidate the note.

By the court to the jury: Judgment having gone against the witness, and his liability thus being fixed, and the issue being

with Williams alone, whose defence is adverse to the partnership, and, therefore, adverse to the interest of the witness, we think he was competent for the purpose for which he was called. As to so much of his testimony as would go to make a defence for himself, you will not consider it, but only so much as applies to the issue with Williams, the witness's liability having already been fixed by judgment. The motion is denied.[2]

The jury returned a verdict in favor of the defendant, D. H. Williams, and judgment was entered thereon. Thereupon the plaintiff took this appeal, assigning as error:

1. The admission of the defendant's offer.[1]
2. The refusal of the plaintiff's motion.[2]
3. The portion of the charge embraced in [ ][3]

*Mr. J. M. Peoples* (with him *Mr. D. S. Atkinson*), for the appellant:

1. The sole question for review is the competency of the witness Joseph Smith. He was sued jointly with Williams on paper of the firm of Smith & Williams. The suit was against Smith & Williams, as makers, and the declaration was framed accordingly. It was urged on the trial that as judgment by default had been entered against Smith, his liability had become fixed and he had no interest in the issue, or if he had, it was adverse to Williams, and that therefore he was a competent witness for Williams at common law, and Talmage v. Burlingame, 9 Pa. 21; Simpson v. Bovard, 74 Pa. 351, and Hoskinson v. Miller, 104 Pa. 175, were cited in support of this position.

2. In each of the cases above mentioned, the defendant, offered as a witness for his co-defendant, was the principal debtor, and his co-defendant, the surety, was making a defence purely personal to him. The court below was in error in treating the defence made by Williams as a personal one. It strikes at the very foundation of the plaintiff's cause of action. If it is true, there can be no recovery at all against the firm under the present declaration. A verdict and judgment in Williams's favor would sweep away the previous judgment by default against Smith, and this result could not be avoided by any amendment of the pleadings: Swanzey v. Parker, 50 Pa. 441.

3. Smith was clearly incompetent on the ground of interest

Pipe v. Steele, 2 Ad. & El. 733; Hayes v. Gudykunst, 11 Pa. 221; Ramsey's App., 4 W. 71; Wells v. Peck, 23 Pa. 155; Marshall v. Franklin Bank, 25 Pa. 384. He was also incompetent because he was a party on the record, and the mere fact that judgment had been taken against him by default does not render him competent for either plaintiff or defendant: Swanzey v. Parker, 50 Pa. 441; Cambria Iron Co. v. Tomb, 48 Pa. 387; Wolf v. Finks, 1 Pa. 439; Bittinger v. Keys, 2 Pa. 459; Parke v. Bird, 3 Pa. 360; Irwin v. Shumaker, 4 Pa. 199. Moreover, he was not only a joint maker, but was also the payee and indorser of this negotiable note. As such he was incompetent at common law either to support or invalidate it: Gest v. Espy, 2 W. 265; Davenport v. Freeman, 3 W. & S. 557; Saurman v. Bodey, 42 Pa. 476.

4. As we have seen, this witness was clearly incompetent at common law. Has his disability been removed by any legislation? . In all the statutes upon the subject the manifest intention of the legislature has been to preserve equality between litigants. Both the letter and the spirit of the act of April 15, 1869, P. L. 30, and its supplements, is opposed to opening a door to one party, that has been closed by death against the other. The same principle is maintained in the act of May 23, 1887, P. L. 158. Should the court be of opinion that the act of 1887 renders the witness in any way competent, we submit that that act, if it means anything at all, is intended to collate, revise and amend all the former statutes on the subject. As such, it is in direct violation of § 6, article III. of the constitution.

*Mr. W. H. Young* (with him *Mr. L. W. Doty* and *Mr. A. M. Sloan*), for the appellee:

1. This was not a case where the defendants were maintaining a common defence. Smith had no defence to make for himself. By the recovery of judgment against him his liability had become fixed, and the cause was thereby concluded as to him. To all intents and purposes he was no longer a party to the proceedings, or to the record. The case went to trial upon the plea of Williams alone. His defence was special and personal to himself, and a verdict in his favor could in no sense disturb or affect the judgment against Smith. Smith was

therefore entirely competent to testify, as he did, to facts strictly in line with the personal defence set up by Williams.

2. Smith was not, as is contended by the plaintiff, testifying in support of his own interest. Judgment had been recovered against him for the whole of the plaintiff's claim, and it was his real interest to promote a recovery against Williams and thereby relieve himself to the extent of one half. His testimony had the effect to charge himself with the whole, and he was competent at common law, because testifying against his interest: Work v. Maclay, 2 S. & R. 415; Wolf v. Carothers, 3 S. & R. 240; Hawthorn v. Bronson, 16 S. & R. 269; Bowen v. Burk, 13 Pa. 146. If there were any doubt on that question, it is fully dispelled by § 5, act of May 23, 1887, P. L. 158.

3. Nor was he incompetent on the ground of public policy as being a party to the record: Whitehead v. Bank, 2 W. & S. 172; Mevey v. Matthews, 9 Pa. 113; Hayes v. Gudykunst, 11 Pa. 224; Talmage v. Burlingame, 9 Pa. 21; 1 Greenl. on Ev., § 355; Simpson v. Bovard, 74 Pa. 351; Good v. Calvert, 1 Penny. 140; Hoskinson v. Miller, 104 Pa. 175. The cases of Wolf v. Finks, 1 Pa. 440, and Swanzey v. Parker, 50 Pa. 454, chiefly relied on by the appellant, are not in point. In the former, the witness was excluded because he still remained a substantial party to the record: Talmage v. Burlingame, supra. In the latter, the witness was interested in procuring a judgment against his co-defendant, as well as being a substantial party to the record.

4. To the objection that Smith, as the assignor of the chose in action, was incompetent on the ground of public policy, there are two answers, either of which is sufficient: (1) Smith was not the assignor of the note in question, nor was Dick the assignee; although it was drawn and indorsed as a negotiable instrument, Smith was really the maker and Dick the payee. (2) By § 4, act of May 23, 1887, P. L. 158, no policy of law except as provided in § 5, shall make any person incompetent as a witness. This section entirely abrogates the common law rule forbidding the assignor of a chose in action to testify, and we find nothing in § 5, saving this rule from the operation of § 4. The act of 1887 is not a revision or amendment, but a new system.

OPINION, MR. JUSTICE WILLIAMS :

This action was brought against Joseph Smith and D. H. Williams as partners under the firm name of Smith & Williams. It was upon a note purporting to be executed by the firm, made payable to and indorsed by Joseph Smith, and which matured on August 17, 1878. The summons was issued on May 5, 1886. A judgment was entered against the defendants on June 28, 1866, for want of an affidavit of defence, which was opened as to D. H. Williams on the next day, and he permitted to make defence. He alleged that the note was not given by the firm, or for a firm debt, but by Joseph Smith for his own individual debt, with the full knowledge of Dick, the plaintiff. He also alleged that the action was barred by the statute of limitations.

Two questions of fact were thus raised for the decision of the jury : (1) Was the note binding on the firm ? (2) If binding when given, was the statute of limitations a defence ? It is to be regretted that these questions were not stated separately in framing the issue when the judgment was opened, so that they could have been separately disposed of by the jury. As the case stands, we cannot tell whether the jury found for the defendant on the first or the second of these questions, or whether both were decided in his favor. We must therefore examine the errors assigned relating to both questions, and reverse, if error is found in either, because of the impossibility of determining on which the verdict may rest. We will consider them in their inverse order.

Was the action barred by the statute ? That depended on whether the payment of $1,000 indorsed on the note in the handwriting of Dick as received from D. H. Williams on October 21, 1881, was in fact made by Williams to apply on this note. The evidence showed that the $1,000 was due from Williams to Smith as the purchase money of his interest in the storehouse and lot which they had previously owned together, and that it was paid to Dick at Smith's request, and for his convenience. Dick received it from Williams, not as his creditor, but as the agent of Smith ; not as a payment on the note, but as payment in full for the land he had bought from Smith. After it came into his hands, any application he might make of it in accordance with his understanding with Smith could not, without more, bind or in any manner affect Williams. The in-

dorsement, to affect him, must, at the least, have been made at his instance and request. The learned judge of the court below, however, instructed the jury on this subject as follows: " The plaintiff here has shown by the deposition of M. O. Dick, former cashier, that the defendant Williams was present when the credit was put on the note, and, as we recall the facts, that he handed over the money, or the money was passed then, at least, there in the bank, in his presence. This, not contradicted or explained, would take the case out of the statute of limitations." The plaintiff in error cannot complain of this. It was more favorable to him than he had the right to ask, and, if complained of by the òther side, could not be sustained. As we have already said, Williams was not affected by what Dick might do with Smith's money, unless it was done at his instance, and of that there is not a particle of proof before us. We do not see why the defendant was not entitled to a peremptory instruction in his favor upon this branch of his defence.

Was this note binding on the firm ? It was, if given in the course of the firm business ; it was not, if given for the individual debt of Smith. In order to establish the latter position, and to show that Dick not only knew, but suggested, the use of the firm name by Smith for his own individual purposes, the defendant called Smith as a witness. Dick died before the trial; and his administrator, who had been substituted on the record, objected to the competency of Smith as a witness. The court below admitted him on the ground that he was called against his interest, and to sustain a defence personal to Williams. It is important to keep in mind that the action was not brought against Williams alone, but against the firm of Smith & Williams ; and he was liable, if at all, because he was a member of the firm. Smith's liability rested on the same basis. It is true that a judgment by default had been taken against Smith ; but if the result of the trial should be to determine that the firm was not liable on the note, the foundation on which the judgment by default rests would fall from under it. If the firm is not liable, the members of the firm, as such, are not. Smith may be liable as an indorser, or as the borrower of the money represented by the note, but in this action his liability depends upon the fact that he is a member of the firm sued ; and, if the firm is not liable, he is not liable. He was made a defend-

ant, as Williams was, because he was a partner in the firm against which the action was brought; but if the debt sued on is not a firm debt, the plaintiff must fail in his action, and the verdict must be in favor of the firm, and necessarily in favor of the partners composing it. This being so, it is clear that Smith was permitted to testify in favor of his own interest, when he was allowed to show by his testimony that the debt was not that of the firm : Swanzey v. Parker, 50 Pa. 441. As the other party to the contract under investigation was dead, and the interest of Smith was adverse to that of the deceased holder of the note, he was incompetent to testify, under the express provisions of the act of 1887.

The learned judge was also in error in treating this line of defence as personal to Williams. The defence made on the statute of limitations may be regarded as personal. One defendant may insist upon it as a defence, and the other may be unwilling to set it up. In that event a verdict might be in favor of one defendant, and against the other. But a denial of the liability of the firm goes to the entire cause of action. If that defence is maintained, not Williams alone, but the firm, and all its members, sued as such, are relieved from liability. For the reasons now given the judgment must be reversed; and, because we cannot tell whether the verdict of the jury rests on the determination of both, or one, and which one, of the questions of fact before them, we must award

A venire facias de novo.